UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| William Doung<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES<br><br>Defendants. | CASE NO. [Case #]<br><br>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |

## I.  INTRODUCTION

1. Plaintiff brings this action to redress violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. This action challenges the Defendant's failure to respond to Plaintiff's FOIA request by disclosing all responsive records in the manner and within the time limits mandated by FOIA.

2. Defendants are unlawfully withholding information sought by Plaintiff, information to which he is entitled and for which no valid disclosure exemption applies. Defendants failed to comply with the statutory mandates and deadlines imposed by FOIA. Accordingly, Plaintiff seeks

COMPLAINT- 1

declaratory relief establishing that Defendants have violated the Freedom of Information Act. Plaintiff also seeks injunctive relief directing Defendants to promptly provide Plaintiff with the requested information.

## II. PARTIES

3. Plaintiff William Doung, is a naturalized United States citizen, residing in Everett, Washington and employed for over six years at Boeing. He is married to Sothearoth Lim, a Cambodian citizen.

4. Defendant United States Citizenship and Immigration Services, National Records Center is a component of the Department of Homeland Security ("DHS") is a department of the executive branch of the United States government and is an agency within the meaning of 5 U.S.C. § 552(f). The National Records Center of USCIS has possession and control over the records sought by Mr. Doung.

## III. JURISDICTION

5. This Court has jurisdiction over this action pursuant to 5 U.S.C. §552(a)(4)(B) (Freedom Of Information Act), 5 U.S.C. §702, §704 and §706 (Administrative Procedure Act), and 28 U.S.C. §1331 (federal question).

## IV. VENUE

6. Venue is proper in the Western District of Washington under 5 U.S.C. 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## V. STATEMENT OF FACTS

7. Mr. Doung submitted a FOIA request to USCIS on January 10, 2017 to obtain all records relating to himself and his spouse and his efforts to immigrate her to the United States. On January 27, 2013, he married Sothearoth Lim in Cambodia. His I-130 relative visa petition for her

with USCIS, SRC-14-902-92570 was approved on September 10, 2014 and forwarded to the Department of State National Visa Center PHP201477500 for processing at the Phnom Penh consulate. After an interview at the consulate on August 24, 2015, she was informed on March 6, 2016 that her application was approved.

8. On April 5, 2016, the consulate informed prior counsel by email that her application had been denied because defendant USCIS had previously found her ineligible for a visa under INA 212(a)(6)(C)(fraud). An initial FOIA request by prior counsel to USCIS failed to generate any indication of a fraud determination by USCIS; neither Mr. Doung nor his wife has ever been notified by defendant USCIS of a fraud ineligibility finding by Defendant.

9. To determine the basis for, or existence of any USCIS fraud determination, on January 10, 2017 Mr. Doung submitted a FOIA request by email to Defendants, and received email delivery confirmation from USCIS. USCIS later issued a hardcopy receipt that they had received the FOIA request on January 25, 2017. NRC2017011668.

10. No records have been produced by Defendant, in violation of the statutory requirement for a 20 day response.

## VI. REMEDY SOUGHT

11. Mr. Doung requests the Court to compel Defendants to produce any and all nonexempt records responsive to his FOIA request. Declaratory relief is appropriate under 28 U.S.C. § 2201. Injunctive relief is appropriate under 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

## VII. LEGAL FRAMEWORK RELEVANT TO THE CLAIMS

12. "A popular Government, without popular information, or the means of acquiring it, is but a Prologue to a Farce or a Tragedy; or, perhaps both. Knowledge will forever govern ignorance: And a people who mean to be their own Governors, must arm themselves with the power which

COMPLAINT- 3

GIBBS HOUSTON PAUW
1000 SECOND AVENUE, SUITE 1600
SEATTLE, WA 98104
206-682-1080

knowledge gives."[1] FOIA advances public access to information and diffusion of knowledge by requiring, *inter alia*, that all federal agencies must promptly provide copies of all non-exempt agency records to those persons who make a request for records that reasonably describe the nature of the records sought, and which conforms to agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

13. FOIA further requires federal agencies to make a final determination on all FOIA requests that it receives within twenty days after the receipt of such request, unless the agency provides notice to the requester of "unusual circumstances" meriting additional time for a response. 5 U.S.C. §552(a)(6)(A)(i).  No such notice has been issued.

14. FOIA expressly provides that a person shall be deemed to have exhausted their administrative remedies if the agency fails to comply with the applicable time limitations provided by 5 U.S.C. § 552(a)(6)(A)(i)-(ii). 5 U.S.C. § 552(a)(6)(c).

15. Any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the federal district court to "enjoin the agency from withholding agency records and to order agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

16. Pursuant to FOIA, this Court may award attorney fees and litigation costs against the Defendants if Mr. Doung prevails in this action. 5 U.S.C. § 552(a)(4)(E).

### VII.   CLAIMS FOR RELIEF

**COUNT 1 VIOLATION OF THE FOIA FAILURE TO PROVIDE RECORDS**

---

[1] Letter from James Madison to W.T. Barry (August 4, 1822), in The Writings of James Madison (Gaillard Hunt ed.).

17    Mr. Doung realleges, as if fully set forth herein, paragraphs 1-16 previously set forth herein. Mr. Doung has a statutory right to have Defendants process his FOIA request, and there is no legal basis for the denial by the agency of said right. Mr. Doung's rights were violated when Defendants unlawfully delayed their response to his information request beyond the determination deadline imposed by FOIA, and refused to provide records without a lawful basis for withholding.

18. Mr. Doung has been and will continue to be irreparably harmed because of Defendants' unreasonable delay in providing the information requested under FOIA. Defendants' failure to comply with the law is preventing Mr. Doung and his wife from beginning their life together in the United States.

### COUNT 2 VIOLATION OF THE ADMINISTRATIVE PROCEDURES ACT

19.    Mr. Doung realleges paragraphs 1-16 previously set forth herein.

20.    Defendants have unlawfully withheld agency action by failing to comply with the mandates of FOIA consequent to its failure and refusal to issue a timely final determination on Mr. Doung's request.

21.    Defendants' failure to issue a timely final determination on Mr. Doung's information request, as well as their failure to provide any documents in response to the request, has injured Mr. Doung's interests in determining the details and legal justification regarding his admissibility into the U.S. Said information is a prerequisite to determine whether governmental misconduct occurred. Defendants' failure and refusal to produce the information requested constitute a violation of Defendants' statutory duties under the APA.

COMPLAINT- 5

1000 SECOND AVENUE, SUITE 1600
SEATTLE, WA 98104
206-682-1080

22. Defendants' failure and refusal to issue a timely final determination on Mr. Doung's information request constitute agency action unlawfully withheld and unreasonably delayed and is therefore actionable pursuant to 5 U.S.C. §706(1).

23. Alternatively, Defendants' failure to issue a timely final determination on Mr. Doung's information request is in violation of FOIA's statutory mandates and is therefore arbitrary, capricious, or an abuse of discretion and not in accordance with law and is therefore actionable pursuant to 5 U.S.C. § 706(2).

## VIII.   REQUESTED RELIEF

WHEREFORE, Mr. Doung respectfully request that this Court enter Judgment for Plaintiff providing the following relief:

A. Find that Defendants exceeded the legal response time of twenty days in 5 U.S.C. §552(a)(6)(A)(i) and failed to give written notice if a ten day extension was needed in the "unusual circumstances" set forth in 5 U.S.C. §552(a)(6)(B);

B. Enjoin Defendants from continuing to withhold any and all nonexempt records responsive to the request;

C. Order Defendants to conduct an adequate search for agency records responsive to Mr. Doung's FOIA Request within five working days of the date of the Court's Order in this matter;

D. Order Defendants to produce any and all nonexempt records responsive to Mr. Doung's request and to prepare a *Vaughan* index of allegedly exempt records responsive to the request within ten business days of the Court's Order in this matter;

E. Grant Mr. Doung a fee waiver for any costs associated with the production and delivery of documents responsive to his request;

1    F.   Award Mr. Doung the costs and reasonable attorney's fees incurred in this action pursuant

2        to 5 U.S.C. §552(a)(4)(E); and

3    G.   Grant such other relief at law and in equity as the Court may deem just and proper.

5                         Respectfully submitted,

6                         By:  /s/ *Robert H. Gibbs*
                         Robert Gibbs
7                          Attorney for Plaintiff
                         Gibbs Houston Pauw
8                          1000 2nd Ave, Suite 1600
                         Seattle, WA 98104
9                          (206) 682-1080

11 Dated: March 3, 2017

24 COMPLAINT- 7